JUDGE KAPLAN

31-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
CLIPPER ELITE CARRIERS A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

08 CV 00394

RECEIVED
JAN 15 2008
JUDGE KAPLAN'S CHAMBERS

RECEIVED
JAN 15 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CLIPPER ELITE CARRIERS A/S,

                    Plaintiff,

  -against-

UT WORLDWIDE INDIA PTV LTD,

                    Defendant.
-----------------------------------------------------------x

08 Civ _____ ( ___ )

**VERIFIED COMPLAINT**

Plaintiff, CLIPPER ELITE CARRIERS A/S (hereinafter "CLIPPER") for its Verified Complaint against Defendant UT WORLDWIDE INDIA PTV LTD (hereinafter "UT WORLDWIDE") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of affreightment. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/297133.1

2.     At all times material hereto, Plaintiff CLIPPER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Harbour House, Sundkrogsgade 21, 2100 Copenhagen, Denmark.

3.     At all times relevant hereto, Defendant UT WORLDWIDE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 21/A/3, Dargah Road, Jindal Towers, 5th floor, Block B, Kolkata 700 017, India.

4.     On or about October 18, 2006, Defendant UT WORLDWIDE, as shipper, entered into a contract of carriage with Plaintiff CLIPPER, as owner of the M/V CEC COPENHAGEN, for the carriage of two units of cargo from Sines, Portugal to Haldia, India.

5.     Pursuant to the contract, Defendant UT WORLDWIDE was obligated to tender the cargo to the vessel as soon as the vessel was ready to load and as fast as the vessel was able receive the cargo.

6.     In the event that Defendant UT WORLDWIDE failed to tender the cargo, UT WORLDWIDE was to be liable for deadfreight in the amount of $35,500 and for detention at the rate of $12,500 per day pro rata for any period the vessel is delayed.

7.     On November 4, 2006, the M/V CEC COPENHAGEN arrived at Sines, Portugal ready to load.

8.     At that time, however, Defendant UT WORLDWIDE failed to tender the cargo and held the vessel pending arrival of the cargo until UT WORLDWIDE notified the vessel that the cargo would not be tendered for an indeterminate period of time.

9.     As a result, the vessel was delayed for a total of one day, 17 hours and 20 minutes and sailed from Sines, Portugal without Defendant UT WORLDWIDE's cargo.

10. Subsequently, Plaintiff CLIPPER submitted an invoice statement to Defendant UT WORLDWIDE for payment of deadfreight in the amount of $35,500 and detention in the amount of $21,701.38 due in Plaintiff CLIPPER's favor pursuant to the contract of affreightment.

11. In breach of the contract of affreightment, and despite due demand, Defendant UT WORLDWIDE has refused and/or otherwise failed to pay amounts due and outstanding under the contract, and the entire amount of $51,201.38 remains due and owing.

12. The contract of affreightment provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and CLIPPER specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been or will shortly be commenced.

13. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff CLIPPER's claims made or to be made in arbitration in London under English law, as agreed by the parties.

14. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15. Plaintiff CLIPPER estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $30,000. Interest anticipated to be awarded is estimated to be $8,516.24 (calculated at the rate of 7% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

16. In all, the claim for which Plaintiff CLIPPER sues in this action, as near as presently may be estimated, totals **$95,717.62**, no part of which has been paid by Defendant UT WORLDWIDE. Plaintiff CLIPPER specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure CLIPPER.

### Request for Rule B Relief

17. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant UT WORLDWIDE INDIA PTV LTD (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. The total amount sought to be attached pursuant to the above is **$95,717.62**.

WHEREFORE, Plaintiff CLIPPER ELITE CARRIERS A/S prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$95,717.62** be restrained and attached, including, but not limited to any cash,

funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant UT WORLDWIDE INDIA PTV LTD, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
January 15, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
CLIPPER ELITE CARRIERS A/S

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )
                  ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
15th day of January 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/297133.1                         6